IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DILLON PITCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00298 |
| | ) | |
| WAYNE COUNTY, INDIANA, and the | ) | |
| WAYNE COUNTY COMMISSIONERS, in | ) | |
| their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND DAMAGES**

**Introductory Statement**

1.      Like many public officials, the Wayne County Commissioners (who exercise the executive authority for Wayne County, Indiana) maintain a Facebook page through which they post information about the operations of the government of Wayne County and other information of relevance to their constituents.  Beyond any doubt, the page is an official governmental page and is therefore subject to the constraints of the First Amendment.  Nonetheless, Dillon Pitcher—a Wayne County resident who is extremely active in his community and who currently serves as the Chief Deputy Coroner for Wayne County—has been "blocked" from viewing this Facebook page and from commenting on posts made to this page.  A written request that he be unblocked from the page, made several weeks ago, has not received a response.  The actions of the Wayne County Commissioners represent a clear First

1

Amendment violation.  Mr. Pitcher is entitled to prompt injunctive and declaratory relief, and is also entitled to his damages.

**Jurisdiction, Venue, and Cause of Action**

2.      The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4.      Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

5.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

6.      Dillon Pitcher is an adult resident of Wayne County, Indiana.

7.      Wayne County, Indiana is one of Indiana's ninety-two counties and is located in east-central Indiana.

8.      The Wayne County Commissioners are the duly elected individuals comprising the executive body of Wayne County, Indiana, *see* Ind. Code § 36-2-2-2, and are sued in their official capacities.

**Factual Allegations**

The Wayne County Commissioners and their Facebook page

9.      Executive authority in Wayne County, Indiana is exercised by the three Wayne County Commissioners ("Commissioners"), each of whom has been elected to a four-year term.

10.     Like many public entities, the Commissioners maintain and operate an official

Facebook page.  This official page is available at https://www.facebook.com/wayne countycommissioners, and is referenced through this complaint as "the Commissioners' Facebook page."

11.    The Commissioners' Facebook page can be viewed by the public, and anyone with a Facebook account can post a "comment" in response to the Commissioners' "posts" or in response to other user comments that have been made on those posts.

12.    The formal title of the Commissioners' Facebook page is "Wayne County Commissioners," and that page identifies itself as "[t]he official Facebook page" of a "Government organization."  The following header appears at the top of the page:



13.    Under "Contact info," the Commissioners' Facebook page similarly displays a link to the official Instagram account of the Commissioners as well as the phone number for the Commissioners' governmental office and, under a separate "About" tab, the page also displays the address for the Commissioners' governmental office as well as the website for Wayne County.

14.    The Commissioners' Facebook page is utilized exclusively to post information about the activities of the government of Wayne County and other information of relevance to the Commissioners' constituents.  For instance, recent posts have

concerned the temporary closure of county offices due to a weather-related event, an award received by the Deputy Director of Wayne County Emergency Communications, and the retirements and work anniversaries of multiple county employees.

Dillon Pitcher and his "blocking" from the Commissioners' Facebook page

15.    Dillon Pitcher is an adult resident of Wayne County and is extremely involved in his community.

16.    Mr. Pitcher has worked for the Wayne County Coroner for approximately twelve years and, at the beginning of 2025, was promoted to the position of Chief Deputy Coroner (a part-time position that makes him second in command in that office).  He also serves as a member of the town council for the Town of Hagerstown and as a police officer for the Town of Cambridge City.  Both Hagerstown and Cambridge City are small towns in Wayne County.

17.    On top of this, Mr. Pitcher owns and operates his own business, called Essential Elements, which assists its clients in marketing themselves on the internet and in growing their online presence.  Through Essential Elements, Mr. Pitcher has created online content for businesses, political campaigns, and governmental entities—including for multiple agencies within Wayne County.

18.    Mr. Pitcher is a Facebook user, and maintains and operates a Facebook account.  Through his Facebook account, not only does Mr. Pitcher operate his own personal Facebook page (https://www.facebook.com/DillonPitcher) but, due to experience creating online content and his role with Essential Elements, he also

serves as the "administrator" for several other Facebook pages, including the Richmond (Indiana) Police Department, the Cambridge City Police Department, the Milton (Indiana) Police Department, and several local businesses (including Essential Elements itself).

19. Serving as the administrator of these Facebook pages means that Mr. Pitcher, while logged in to Facebook through his personal account, has a separate "profile" for each page that he administers. By selecting the precise profile that he wishes to utilize, he can make Facebook posts directly to the pages that he administers and can comment on posts made by other Facebook users "as," or on behalf of, these pages. For example, if the Wayne County Sheriff's Office made a Facebook post about law enforcement activity in or around Cambridge City, by selecting the appropriate profile, Mr. Pitcher would have the ability to comment on that post "as" the Cambridge City Police Department even though he was, at the time, logged into Facebook using his personal account.

20. In the past, Mr. Pitcher has often utilized Facebook's comment function to comment on posts made to the Commissioners' Facebook page. Using his personal Facebook account, he has done so both through his own Facebook profile (that is, "as" Dillon Pitcher) and through the profiles associated with several of the Facebook pages that he administers. His comments to the Commissioners' Facebook page have never been profane, threatening, or otherwise inappropriate. Rather, he believes that his past comments have been almost entirely innocuous. For instance, he often commented on the Commissioners' posts concerning the retirements or work

5

anniversaries of county employees simply to congratulate the employees and to thank them for their service.

21. Historically, Mr. Pitcher believes that he has had a good relationship with the Commissioners. However, that relationship has soured in recent years. While Mr. Pitcher cannot trace this to any particular event or interaction, he is aware that two of the Commissioners opposed his promotion to Chief Deputy Coroner. He is also aware of an incident in early January of 2026 in which he, on behalf of the Wayne County Coroner's Office, publicized information about the unusually high number of deaths that were investigated at the Wayne County Jail in 2025. Mr. Pitcher believes that the Commissioners, or other county officials, were opposed to the public dissemination of this information.

22. On or about January 9, 2026, Mr. Pitcher discovered that he had been "blocked" by the Commissioner from the Commissioners' Facebook page. This action not only caused the deletion of all comments that Mr. Pitcher previously made to that Facebook page—whether they were made from his personal Facebook page or from any of the other Facebook pages that he administers with his account—but it also prevents Mr. Pitcher from even seeing or visiting the Commissioners' Facebook page. It certainly prevents him from commenting on any posts or comments to those posts made in the future—again, both from his personal Facebook page and from any of the other Facebook pages that he administers.

23. As the Commissioners' Facebook page frequently shares information of relevance to the Wayne County community, and of particular relevance to Mr. Pitcher

as both a county employee and an individual deeply involved in his community, Mr. Pitcher desires the ability to view that Facebook page and the posts made to that page. He also wishes to comment on posts made to that page and to other comments on that page.

24.     While the Commissioners' blocking of Mr. Pitcher came closely on the heels of his publication of the number of deaths investigated at the Wayne County Jail, he cannot say for certain that is the reason that he was blocked from the Commissioners' Facebook page. Regardless of the precise reason, however, there was and is no justification for this intrusion on his First Amendment rights.

25.     Around the same time that the Commissioners blocked Mr. Pitcher from accessing or commenting on the Commissioners' Facebook page, they also blocked from the same page a separate Facebook account maintained and operated by the Wayne County Coroner's Office. Although Mr. Pitcher believes that action was also inappropriate, it is not challenged in this litigation.

26.     On January 13, 2026, Mr. Pitcher contacted the Commissioners in writing to inquire as to whether the Commissioners would be willing to "unblock" either his personal Facebook page or the Facebook page belonging to the Wayne County Coroner. As of this filing, he has not received a response to that inquiry and both pages remained blocked from the Commissioners' Facebook page.

Concluding factual allegations

27.     As the Commissioners exercise final executive authority for Wayne County, the county itself is liable for their constitutional violations.

28.    As a result of the actions or inactions of the defendants, Mr. Pitcher has suffered emotional and other damages.

29.    As a result of the actions or inactions of the defendants, Mr. Pitcher is suffering irreparable harm for which there is no adequate remedy at law.

30.    At all times the defendants have acted or refused to act under color of state law.

**Legal Claim**

31.    The actions of the defendants violate the First Amendment to the United States Constitution.

**Request for Relief**

   **WHEREFORE,** the plaintiff requests that this Court do the following:

1.    Accept jurisdiction of this cause and set it for hearing.

2.    Declare that the defendants have violated the rights of the plaintiff for the reason(s) described above.

3.    Issue a preliminary injunction, later to be made permanent, enjoining the defendants to immediately unblock the plaintiff from the Facebook page at issue in this litigation, and prohibiting the defendants from blocking the plaintiff from that page in the future.

4.    Award the plaintiff his damages, including nominal damages.

5.    Award the plaintiff his costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

6.    Award all other proper relief.

Gavin M. Rose
Joshua T. Bleisch
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
grose@aclu-in.org
jbleisch@aclu-in.org

*Attorneys for the plaintiff*